UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHELTERLOGIC CORPORATION<br><br>v.<br><br>J&J TRADING CO. LTD. and<br>J&J MANUFACTURING CO. LTD. | Civil Action No. _____<br><br>June 9, 2014 |

## COMPLAINT

The Plaintiff, ShelterLogic Corporation ("ShelterLogic" or "Plaintiff"), for its Complaint against the Defendants, J&J Trading Co. Ltd. and J&J Manufacturing Co. Ltd. (collectively "J&J" or "Defendants") alleges as follows:

## JURISDICTION AND VENUE

1. This Complaint arises under the Trademark laws of the United States, Title 15 of the U.S. Code, the Patent laws of the United States, Title 35 of the U.S. Code, Connecticut's Unfair Trade Practices Act, Conn. Gen. Stat. §§ 42-110(a) et seq. and under the common law.

2. This Court has jurisdiction of the claims by virtue of 28 U.S.C. §§ 1331, 1332, 1338(a), 1338(b) and 1367(a) and 15 U.S.C. §§ 1116 and 1121.

3. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and 1391(c).

4. As more fully described herein, the Court has personal jurisdiction over the Defendants because, *inter alia*, (1) certain causes of action asserted herein arise out of Defendant's transaction of business in Connecticut, (2) certain causes of action asserted herein arise out of a contract that mandates jurisdiction and venue shall lie in Connecticut, and/or (3) certain causes of action herein have caused harm to a resident of this state.

## **THE PARTIES**

5. ShelterLogic is a Delaware corporation with its principal place of business located at 150 Callendar Road, Watertown, Connecticut.

6. ShelterLogic is an innovator and leading provider of fabric and/or plastic covered and metal frame structures.

7. ShelterLogic is the owner of all rights, title and interest in U.S. Trademark Registration No. 3,110,711 for the wordmark INSTANT GARAGE. A copy of U.S. Registration No. 3,110,711 is attached as Exhibit A.

8. ShelterLogic is the owner of all rights, title and interest in U.S. Patent No. 7,296,584. A copy of U.S. Patent No. 7,296,584 is attached hereto as Exhibit B.

9. Upon information and belief, J&J Trading Co. Ltd. and J&J Manufacturing Co. Ltd. both have a business address at 2-2503, Dong Hai Shi Jia Building No. 4I Dong Hai Xi Road Qingdao, China.

10. Defendants are competitors of ShelterLogic in the area of fabric and/or plastic covered structures and metal framed structures.

## FACTUAL BACKGROUND

11. In or about October 2012, ShelterLogic discovered that Defendants were, *inter alia*, advertising, marketing, offering for sale and/or selling shelters in the United States with U.S. registered trademarks owned by ShelterLogic, namely the marks AUTOSHELTER, ROUNDTOP and INSTANT GARAGE, all without the consent or permission of ShelterLogic.

12. In or about October 2012, ShelterLogic also discovered that Defendants were, *inter alia*, advertising, marketing, offering for sale and/or selling shelters in the United States without the consent or permission of ShelterLogic that infringed U.S. Patent No. 6,994,099, which is a patent owned by ShelterLogic.

13. By way of a settlement agreement by and between ShelterLogic and Defendants effective September 16, 2013 (the "Settlement Agreement"), Defendants agreed, *inter alia*, to not manufacture, import or export, distribute, advertise, offer for sale and/or sell shelters that are marketed, advertised and/or sold under the INSTANT GARAGE, AUTOSHELTER or ROUNDTOP marks.

14. The Settlement Agreement, a copy of which is attached hereto as <u>Exhibit C</u>, provides that:

> All questions concerning this Agreement, the rights and obligations of the Parties, its enforcement, and its validity, effect, and interpretation and construction shall be determined according to the laws of the State of Connecticut, irrespective of choice of law provisions. Any claim by either Party with respect to this Agreement shall only be brought within the exclusive jurisdiction of the courts of the State of Connecticut and the United States District Court for the District of Connecticut (and to those

courts to which an appeal can be taken), and J&J expressly consents (and waives any objection that it may have) to jurisdiction, forum and venue in such courts.

## **DEFENDANTS' CURRENT UNLAWFUL CONDUCT**

15. At a May 2014 tradeshow in this country, Defendants had a booth, and without ShelterLogic's consent, were advertising, marketing, offering for sale and/or selling shelter structures, namely garages, under the INSTANT GARAGE trademark, and a copy of such advertising is attached hereto as Exhibit D.

16. At the same May 2014 tradeshow, Defendants were, without ShelterLogic's consent, advertising, marketing, offering for sale and/or selling a canopy product under the designation ALL PURPOSE CANOPY that infringes one or more claims of U.S. Patent No. 7,296,584, and a picture of said ALL PURPOSE CANOPY product is attached hereto as Exhibit E.

17. Upon information and belief, Defendants had imported into the United States said ALL PURPOSE CANOPY canopy product without the consent of ShelterLogic.

18. At said same 2014 tradeshow, Defendants made the claim to a distributor of ShelterLogic that Defendants were a supplier of product to ShelterLogic and a manufacturer of product for ShelterLogic.

19. Neither J&J Trading Co. Ltd. nor J&J Manufacturing Co. Ltd. have ever been a supplier to ShelterLogic nor a manufacturer of product for ShelterLogic.

## Count One: Trademark Infringement Under 15 U.S.C. § 1114

20. ShelterLogic repeats and re-alleges paragraphs 1-19 of its Complaint, as if the same were fully set forth herein.

21. Defendants have unlawfully adopted and continue to use the INSTANT GARAGE mark to market and sell its shelters without authorization or permission of ShelterLogic.

22. The use of ShelterLogic's registered INSTANT GARAGE mark by Defendants in connection with the sale, offering for sale, distribution, and/or advertising of Defendants' products without permission or authorization of ShelterLogic is likely to cause confusion, or to cause mistake, or to deceive.

23. The use of ShelterLogic's registered INSTANT GARAGE mark by Defendants by applying such mark to its signage and/or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of Defendants products without permission or authorization of ShelterLogic is likely to cause confusion, or to cause mistake, or to deceive.

24. Upon information and belief, Defendants' acts have been committed with knowledge that such acts are intended to be used to cause confusion, or to cause mistake, or to deceive.

25. ShelterLogic has suffered harm as a result of Defendants infringing conduct and is entitled to an award of damages.

26. The acts and conduct of Defendants are willful and deliberate.

27. The Defendants' infringing acts are causing irreparable harm to ShelterLogic and ShelterLogic has no adequate remedy at law.

28. ShelterLogic has been and will continue to be damaged by Defendants' acts of infringement unless enjoined by this Court.

### Count Two: Unfair Competition Under 15 U.S.C. § 1125(a)(1)(A)

29. ShelterLogic repeats and re-alleges paragraphs 1-28 of its Complaint, as if the same were fully set forth herein.

30. Defendants have unlawfully adopted and continue to use the INSTANT GARAGE mark to market and sell its products without authorization or permission of ShelterLogic.

31. The actions of Defendants without permission or authorization of ShelterLogic are likely to cause confusion, to cause mistake or to deceive as to the affiliation, connection, or association of Defendants with ShelterLogic, or as to the origin, sponsorship, or approval of Defendants' products and/or services by ShelterLogic.

32. Upon information and belief, Defendants' acts have been committed with knowledge that such acts are intended to be used to cause confusion, or to cause mistake, or to deceive.

33. ShelterLogic has suffered harm as a result of Defendants infringing conduct and is entitled to an award of damages.

34. The acts and conduct of Defendants are willful and deliberate.

35. The Defendants' infringing acts are causing irreparable harm to ShelterLogic and ShelterLogic has no adequate remedy at law.

36. ShelterLogic has been and will continue to be damaged by Defendants' acts of infringement unless enjoined by this Court.

### **Count Three: Breach of Contract**

37. ShelterLogic repeats and re-alleges paragraphs 1-36 of its Complaint, as if the same were fully set forth herein.

38. Subsequent to the effective date of the Settlement Agreement and without any justification, Defendants have unlawfully adopted and used the INSTANT GARAGE mark to market and sell its products without authorization or permission of ShelterLogic in violation of the Settlement Agreement.

39. ShelterLogic has suffered harm as a result of Defendants breach of the Settlement Agreement and is entitled to an award of damages.

40. The acts and conduct of Defendants are willful and deliberate.

41. The Defendants' breach of the Settlement Agreement is causing irreparable harm to ShelterLogic and ShelterLogic has no adequate remedy at law.

42. ShelterLogic has been and will continue to be damaged by Defendants' breach of the Settlement Agreement unless enjoined by this Court.

### Count Four: False Designations of Origin, False Descriptions Under 15 U.S.C. § 1125(a)(1)(B)

43. ShelterLogic repeats and re-alleges paragraphs 1-42 of its Complaint, as if the same were fully set forth herein.

44. Defendants' false or misleading description of fact, or false or misleading representation of fact, is in commercial advertising or promotion, and misrepresents the nature, characteristics, qualities, or geographic origin of Defendants' goods, services or commercial activities.

45. ShelterLogic has suffered harm as a result of Defendants false or misleading description of fact, or false or misleading representation of fact, and is entitled to an award of damages.

46. The acts and conduct of Defendants are willful and deliberate.

47. The Defendants' false statements are causing irreparable harm to ShelterLogic and ShelterLogic has no adequate remedy at law.

48. ShelterLogic has been and will continue to be damaged by Defendants' false statements unless enjoined by this Court.

### Count Five: Patent Infringement

49. ShelterLogic repeats and re-alleges paragraphs 1-48 of its Complaint, as if the same were fully set forth herein.

50. Defendants' "ALL PURPOSE CANOPY" meets each element of at least one claim of U.S Patent No. 7,296,584.

51. Defendants' importing into the United States of the ALL PURPOSE CANOPY is a violation of 35 U.S.C. § 271(a).

52. Defendants' advertising, marketing, offering for sale and/or selling its ALL PURPOSE CANOPY canopy product in the United States is a violation of 35 U.S.C. § 271(a).

53. ShelterLogic fixes to its products covered by U.S. Patent No. 7,296,584 said patent number in accordance with 35 U.S.C. § 287.

54. As a result of the Defendants' infringing activity, ShelterLogic has suffered monetary damages, and is entitled to an award of damages pursuant to 35 U.S.C. §§ 281 and 284.

55. ShelterLogic has suffered harm as a result of Defendants infringing conduct and is entitled to an award of damages.

56. The acts and conduct of Defendants are willful and deliberate.

57. The Defendants' infringing acts are causing irreparable harm to ShelterLogic and ShelterLogic has no adequate remedy at law.

58. ShelterLogic has been and will continue to be damaged by Defendants' acts of infringement unless enjoined by this Court.

**Count Six: Violations Of The Connecticut Unfair Trade Practices Act**

59. ShelterLogic repeats and re-alleges paragraphs 1- 58 of its Complaint, as if the same were fully set forth herein.

60. Defendants' actions, alone or in combination, constitute unfair methods of competition, unconscionable acts or practices, and/or unfair or deceptive acts or practices in violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), C.G.S.A. § 42-110(a) et seq.

61. As a result of Defendants' conduct, ShelterLogic has suffered an ascertainable loss, will continue to suffer substantial harm and is entitled to the recovery of damages, punitive damages, attorneys' fees, and costs.

62. Upon information and belief, Defendants will continue their unlawful activities unless enjoined, and ShelterLogic has no adequate remedy at law.

**Count Seven: Common Law Unfair Competition and Trademark Infringement**

63. ShelterLogic repeats and re-alleges paragraphs 1-62 of its Complaint, as if the same were fully set forth herein.

64. The actions complained of herein constitute acts of unfair competition and trademark infringement in violation of the common law of the State of Connecticut.

## DEMAND FOR RELIEF

WHEREFORE, ShelterLogic respectfully requests that the Court enter judgment against each of the Defendants as follows:

1. A preliminary and a permanent injunction that enjoins Defendants and their respective officers, agents, employees, representatives, successors, assigns and all other persons acting for, with, by, through or under authority from, or in concert or participation with, either or both Defendants, from acts of infringement of the trademark INSTANT GARAGE, or from use of any colorable imitation thereof or using any trademark that imitates or is confusingly similar to or in any way similar to the INSTANT GARAGE mark, or any mark that is likely to cause confusion, mistake, deception, or public misunderstanding as to the origin of Defendants' products or services.

2. A preliminary and a permanent injunction that enjoins Defendants and their respective officers, agents, employees, representatives, successors, assigns and all other persons acting for, with, by, through or under authority from, or in concert or participation with, either or both Defendants, from acts that are likely to cause confusion, to cause mistake or to deceive as to the affiliation, connection, or association of Defendants with ShelterLogic, or as to the origin, sponsorship, or approval of Defendants' products and/or services by ShelterLogic.

3. A preliminary and a permanent injunction that enjoins Defendants and their respective officers, agents, employees, representatives, successors, assigns and all other persons acting for, with, by, through or under authority from, or in concert or participation with, either or both Defendants, from falsely representing and/or stating that either of the Defendants are a supplier of product to ShelterLogic, a manufacturer of product to ShelterLogic or in any other way affiliated with, connected to, or associated with ShelterLogic.

4. A preliminary and a permanent injunction that enjoins Defendants and their respective officers, agents, employees, representatives, successors, assigns and all other persons acting for, with, by, through or under authority from, or in concert or participation with, either or both Defendants, from acts of breaching the Settlement Agreement.

5. A preliminary and a permanent injunction that enjoins Defendants from filling any orders or making any further sales that are secured on the basis of its false or misleading descriptions or representations of fact.

6. Providing an accounting that details units of products sold, revenue, gross profits, and net profits secured by its false or misleading descriptions or representations of fact.

7. Ordering Defendants to engage in an advertising and promotional campaign that corrects Defendants' false or misleading descriptions or representations of fact.

8.  Ordering Defendants to directly notify each person or entity to which Defendants have made the false or misleading descriptions or representations of fact and correct same.

9.  Requiring Defendants to accept any and all returns based on said infringement, unfair competition and/or false or misleading descriptions or representations of fact and to compensate each customer in full for their returned purchase.

10. An award of money damages, profits, multiple damages, costs and attorneys' fees pursuant to 15 U.S.C. § 1117.

11. An award of money damages, punitive damages, attorneys' fees and costs pursuant to Connecticut General Statutes § 42-110(g).

12. That the Court declare this to be an exceptional case pursuant to 15 U.S.C. § 1117.

13. That the Court grant ShelterLogic any other remedy to which it may be entitled as provided for in 15 U.S.C. §§ 1116 and 1117 or under state law.

14. A preliminary and a permanent injunction that enjoins Defendants and their respective officers, agents, employees, representatives, successors, assigns and all other persons acting for, with, by, through or under authority from, or in concert or participation with, either or both Defendants, from directly and/or indirectly making,

using, importing, marketing, distributing, offering for sale and selling any products that infringe one or more of the claims of U.S. Patent No. 7,296,584.

15. An award of money damages and/or a reasonable royalty pursuant to 35 U.S.C. § 284.

16. Multiple damages pursuant to 35 U.S.C. § 284.

17. An award of attorneys' fees and costs pursuant to 35 U.S.C. § 285.

18. That Defendants be required to file with the Court and serve on ShelterLogic within thirty (30) days after entry of the injunction, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction.

19. Interest and costs.

20. Such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, ShelterLogic Corporation demands a trial by jury of any issue triable as of right by a jury.

Dated: June 9, 2014

THE PLAINTIFF,
SHELTERLOGIC CORPORATION

Respectfully submitted,

John R. Horvack, Jr.
Federal Bar ct12926
Fatima Lahnin
Federal Bar ct24096
Carmody Torrance Sandak &
Hennessey, LLP
195 Church Street
P.O. Box 1950
New Haven, CT 06509-1950
Tel: 203-777-5501
Fax: 203-784-3199
flahnin@camodylaw.com
jhorvack@carmodylaw.com